# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| JAMES TALLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN W. PAUL, )<br>)<br>Defendant. ) | Case No. CV608-068 |

## REPORT AND RECOMMENDATION

On August 13, 2008, this Court received a 42 U.S.C. § 1983 prisoner complaint (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2) from James Talley. In an order dated August 25, 2008, the Court granted Talley *in forma pauperis* status and directed him to return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. (Doc. 4.) The package containing the forms was returned from the prison with a notation stating that Talley was deceased.[1] (Doc. 5.) The Court is

---

[1] Talley filed another case in the Middle District of Georgia in 2007. Talley v. Muscogee County Jail, No. CV407-177 (S.D. Ga. May 23, 2008). That court recently denied his motion for leave to appeal *in forma pauperis*, and its order was returned with a similar notation on August 21, 2008.

therefore faced with the question of whether Talley's action survives his death. If it survives, the Court must determine the mechanics for preserving the action.

"Congress did not provide rules of survivorship for section 1983 actions." Hess v. Eddy, 689 F.2d 977, 980 (11th Cir. 1982). Consequently, federal courts have relied upon 42 U.S.C. § 1988, which declares that in civil rights actions where federal law is wanting, the courts should look to the laws of the states. In determining which state law to apply, the Supreme Court has held that § 1983 claims "are best characterized as personal injury actions." Wilson v. Garcia, 471 U.S. 261, 280 (1985). In Georgia, no "cause of action for the recovery of damages for . . . injury to the person . . . [shall] abate by the death of either party." O.C.G.A. § 9-2-41. Instead, personal injury actions survive "to the personal representative of the deceased plaintiff." Id. Accordingly, this action survives Talley's death, and his personal representative should be substituted in his place.

The procedural mechanism for effecting the substitution of the personal representative as plaintiff is problematic, however. Under Rule

25(a)(2),[2] either Talley's personal representative or one of the parties remaining in the action must file a "statement noting [Talley's] death." Fed. R. Civ. P. 25(a). After service of the statement noting the death, a motion for substitution must be made within 90 days, or the case must be dismissed. Id. Rule 25 clearly presupposes that the personal representative wishes to preserve the lawsuit and that the complaint has been served upon the opposing party. Here, it is entirely possible, even likely, that Talley's personal representative would be indifferent to this *pro se* prison conditions complaint. Further, the defendant has yet to be served.

The Court could order service upon defendant so that he could file the requisite statement noting death, but such service would raise another problem. Had Talley submitted the forms that he was directed to file before the case could progress, the Court would have analyzed the complaint under the Prison Litigation Reform Act ("PLRA"), which requires federal courts to conduct early screening of all prisoner suits

---

[2] Rule 25 covers cases where "a party dies and the claim is *not extinguished*." Fed. R. Civ. P. 25(a) (emphasis added). As Talley's claim survives under Georgia law, it is not extinguished under Rule 25. 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1954 (3d ed. 2007).

against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); see also 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). If the complaint survived this initial review, it would have been served on the defendant, but Talley's complaint would not have survived initial review.

In the complaint, Talley alleged that he "discovered black suddy water leaking from out behind the base of [his] toilet excessively spreading over a large section onto the floor [ of his cell and] under [his] bed." (Doc. 1 at 5.) He stated that there were "small wormlike creatures . . . floating around in the water." (Id.) He informed the shift officer of the leak and put in a work order to fix it. (Id.) He notified the Institutional Counselor, Thomas William, of his toilet troubles on two

occasions. (Id.) Talley also filed a health services request because he allegedly began developing "red soreness and a severe itch irritation" on the bottoms of his feet. (Id.) He was prescribed Telfonate cream. (Id.) He filled out a second health request form and was seen by Nurse Anderson, who recommended that he be referred to "ALP" to "assess and evaluate." (Id. at 6.) He then wrote a letter to Warden Upton about the leak, but Upton never responded. Finally, a maintenance man, Mr. Dean, fixed the leak, but not until Talley had been exposed to the water for thirty-eight days. (Id.)

Talley named John Paul, the Deputy Warden of Care and Treatment at Georgia State Prison, as the sole defendant in the action.[3] Talley believed that Paul was liable because Paul was "solely responsible for the operation safety and health and for the welfare of inmates at G.S.P." (Id. at 7.) Such a claim smacks of vicarious liability or respondeat superior, and claims brought pursuant to § 1983 cannot be based upon those theories of liability. Polk County v. Dodson, 454 U.S.

---

[3] Talley sought an injunction to require Paul to take immediate action when notified of threats to Talley's safety. (Doc. 1 at 6.) Talley also sought $500.00 in compensatory damages and $1,000.00 in punitives. (Id.)

312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Instead, the complaint must demonstrate either that the Paul directly participated in the alleged constitutional deprivation or that there was some other causal connection between Paul's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam).

There are no allegations in the complaint indicating that Paul directly participated in any constitutional deprivation. Talley filed two informal grievances with Paul regarding the running toilet, and those grievances were rejected. (Doc. 1 at 3.) But notice alone is insufficient to establish direct participation. To establish direct participation, Talley had to allege that Paul "dr[ew] the inference" that the failure to repair the toilet would place Talley in "a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Nothing in the complaint indicates that Paul purposefully subjected Talley to any serious risk of harm.[4]

---

[4] Talley included a copy of his second grievance along with his complaint. (Doc. 2, Ex. A at 2.) It simply stated that "there is a water leak coming from the back of my

Absent direct participation, a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). A plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). At no point in the complaint is there any indication that Paul implemented such a policy or allowed one to continue.

Talley's complaint does not state a claim for relief, so there is no reason to serve it upon Paul. Consequently, there are presently no parties to the action that can file a statement noting Talley's death under Rule 25. Of course, Talley's personal representative may still file a

---

toilet thats [sic] causing part of my floor to be covered with water." (Id.) The grievance did not allege that Talley was endangered by the leak.

statement noting death, move to substitute himself as a party, and amend the complaint to correct its deficiencies, but the Court is of the opinion that the personal representative is unlikely to intervene in this seemingly insignificant prison conditions suit. For the sake of clearing the Court's docket, this case should be **DISMISSED**, but the dismissal should be without prejudice to reopening to preserve the personal representative's right to pursue the action.

**SO REPORTED AND RECOMMENDED** this  25th  day of September, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA